United States District Court
Southern District of Texas
**ENTERED**
June 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| as Broadcast Licensee of the December 8, 2012 | § | |
| Pacquiao v. Marquez IV Fight Program, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3551 |
| | § | |
| MARIA GRISELDA CRUZ a/k/a Maria G. Cruz | § | |
| d/b/a Alex & Marisela's Place, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for entry of default (Dkt. 6) and motion for default judgment (Dkt. 7). Defendant Maria Griselda Cruz a/k/a Maria G. Cruz, individually, and d/b/a/ Alex & Marisela's Place ("Defendant") has not answered or otherwise appeared. After considering the complaint, motions, and evidentiary record, the court is of the opinion that the motions should be GRANTED.

**I. BACKGROUND**

J&J was a broadcast licensee authorized to sublicense the closed-circuit telecast of the December 8, 2012, Manny Pacquiao v. Juan Manuel Marquez IV, Welterweight Championship Fight Program, including undercard or preliminary bouts, (the "Event"). Dkt. 1. J&J was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id*. The closed circuit broadcast of the Event could be exhibited in a commercial establishment only if the establishment was contractually authorized by J&J. *Id*. J&J contracted various establishments throughout the state and granted those establishments the right to broadcast the Event in exchange for sublicense fees. *Id*. After

receiving sublicense fees, J&J provided these establishments with the electronic decoding capability or satellite coordinates necessary to receive the satellite transmission of the Event. *Id*.

On December 7, 2015, J&J brought this lawsuit, alleging that Defendant violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 or 605, by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Alex & Marisela's Place without paying the required sublicense fee. *Id*. On February 17, 2016 defendant Cruz's brother contacted J&J's counsel. Cruz's brother stated that Cruz wanted to inform J&J's counsel that she did not show the December 8, 2012 Pacquiao v. Marquez IV Fight Program. Dkt. 6. After the telephone call, J&J's counsel sent evidence via email to the email address Cruz's brother provided. Since February 17, 2016, Cruz has not contacted J&J, nor has J&J been in contact with Cruz concerning this lawsuit. Dkt. 6.

On February 20, 2016, Cruz was properly served through the Texas Secretary of State. Dkt. 5. Cruz's deadline to answer or otherwise respond was March 14, 2016. *See* Fed. R. Civ. P. 12(a). Cruz was informed of her deadline for responding and the consequence of failing to do so. Dkt. 5. To date, Defendant has not answered or otherwise responded to this lawsuit.

On March 30, 2016, J&J moved for entry of default and final default judgment. Dkts. 6,7. Pursuant to the Local Rules of the Southern District of Texas, J&J served the motion for default judgment upon Cruz by serving the motion via certified mail, return receipt requested. Dkt. 7. Additionally, J&J has certified that Cruz is not believed to be a minor, incompetent, or on active duty in the military. Dkt. 6, Ex. A; *see also* S.D. Tex. L.R. 5.5.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Also, under Federal Rule of Civil Procedure 55(b), "[i]f the plaintiff's claim is for the sum certain or a sum that can be made certain by computation, the clerk- on the plaintiff's request, with an affidavit showing the amount due- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither as minor nor an incompetent person." Fed. R. Civ. P. 55(a). Cruz has failed to plead or otherwise defend against this lawsuit. Further, J&J properly served Cruz with this lawsuit under the Federal Rules and with the motion for default judgment under the Local Rules. Given Cruz's failure to answer the complaint in a timely manner, the court has the authority to enter default against Defendant, accept all well-pleaded facts in J&J's complaint as true, and award the relief sought by J&J in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

J&J initially alleged that Cruz violated either 47 U.S.C. §§ 553 or 605. Dkt. 1. J&J now moves for judgment under 47 U.S.C. § 605. Dkt. 7. Section 605 is applicable here because transmission of the Event originated via satellite. Dkt. 7; *see also J&J Sports Prods., Inc. v. Flor De Cuba, TX, Inc.*, No. 13-CV-3282, 2014 WL 6851943, at *2 (S.D. Tex. Dec. 3, 2014) (Rosenthal, J.) (noting that Section 605 applies to the theft of radio and satellite communications, whereas Section 553 applies to the theft of communications from a cable network). Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.). To establish liability, J&J must show that (1) the Event was exhibited in Cruz's establishment and (2) J&J did not authorize the particular exhibition of the Event. *Id.* J&J's well-pleaded complaint and affidavits establish both of these elements. Dkt. 1; Dkt. 7 Ex. A-1; Dkt. 7 Ex. A-2.

J&J seeks (1) statutory damages of $10,000; (2) additional damages of $50,000; (3) a permanent injunction against Cruz; (4) costs and post-judgment interest at the highest lawful rate; and (5) such other and further relief to which J&J is entitled. Dkt. 7 at 10.

The court may award statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court finds that a statutory damages award of $5,000 is appropriate in this case. Here, J&J could have charged $2,200 for a venue comparable to Alex & Marisela's Place. *See* Dkt. 7, Ex. A-2 (stating that Alex & Marisela's Place has a capacity of approximately 100 people); Dkt. 7, Ex. A-3 (noting a typical charge of $2,200 for a venue seating 0-100 people). An additional $2,800 is reasonable to deter future violations.

The court may award additional damages of up to $100,000 where the violation was committed willfully and for the purposes of private financial gain or commercial advantage. 47 U.S.C. § 605(e)(3)(C)(ii). An award of additional damages is warranted here because Cruz must have acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the Event to its customers. *See Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013). Therefore, the court awards $10,000 in additional damages.

The court is required to award full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Attorney's fees will be awarded in the amount of $1,000 because the court finds that four hours of work at a blended rate of $250 is reasonable. Dkt. 7, Ex. B at 4–6. Costs will be taxed in favor of J&J.

J&J is entitled to recover damages against Cruz as detailed above, plus post-judgment interest at the rate of 0.68 % per annum. There shall be no award of pre-judgment interest.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees from Cruz in the following circumstances:

a. Ten Thousand Dollars ($10,000.00) in the event Cruz files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

b. Fifteen Thousand Dollars ($15,000.00) in the event Cruz files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

d. Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should J&J obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

Finally, the court may award a temporary or permanent injunction to "prevent or restrain" violations of the statute. 47 U.S.C. § 605(e)(3)(B)(i). The court finds that an injunction is warranted in these circumstances and GRANTS J&J's request for a permanent injunction against Cruz.

### III. CONCLUSION

For the foregoing reasons, J&J's motions for entry of default and default judgment (Dkts. 6,7) is GRANTED. The court will enter a separate final judgment consistent with this order.

Signed at Houston, Texas on June 2, 2016.

_____
Gray H. Miller
United States District Judge